Rescript Opinions.

NICHOLAS BORATGIS & another *vs.* LYNN REDEVELOPMENT AUTHORITY. May 6, 1968. After the opening in this proceeding for the assessment of damages for a land taking, the petitioners' counsel asked the judge if he should read the pleadings. The judge examined the petition and answer, criticised to the respondent's counsel the form of the answer in denying that the petitioners were entitled to any compensation, and then, noticing the allegation that $1 had been awarded, asked the petitioners' counsel whether in fact any damages had been awarded. Counsel, mistaking the question to raise the issue whether there had been talk of compromise or money settlement, objected and excepted to the colloquy. The judge appropriately suggested that if no damages had been awarded the petition should so state. Because of the objection he instructed the jury to disregard any mention of any award. The colloquy was entirely unobjectionable in all respects. The preliminary talk exemplified the judge's expressed desire: "Let's try to make some sense out of these things [the pleadings]." The jury, quite apart from having been told that "what the petitioner[s] will get will be what you determine . . . [they] should get and nothing more and nothing less," obviously understood that the judge was talking technical matters with counsel. Their verdict reflects the evidence.

*Exceptions overruled.*

*David L. Winer,* for the petitioners, submitted a brief.
*George O. Gregson* for the respondent.


NATHAN W. COLEMAN *vs.* AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA. May 6, 1968. There was no error in denying the defendant's motion for a directed verdict in this action on an accident and health policy. There was evidence that the fall was a cause of the plaintiff's hospitalization and subsequent operation for a perforated diverticulum. Assuming that the jury accepted evidence that diverticula existed prior to the fall, the evidence of prior robust condition permitted the conclusion that, except for the fall, the trouble with the diverticulum would not have occurred. Hence the jury could find "loss resulting directly and independently of all other causes from accidental bodily injury." The jury could have found that the written notice which the plaintiff mailed was given on or about May 7, 1962, when the attending physician signed the notice (the plaintiff having signed on April 10) and that this met the requirement of notice "within 20 days after . . . commencement of any loss . . . or as soon thereafter as is reasonably possible." The plaintiff was hospitalized from February 26 to March 20, 1962, except for four days (March 1 to March 5), and from May 19 to June 16, 1962, except for two days (May 25 to May 27). During the period from January 20, 1962, to June, 1962, "the plaintiff had constant pain in his stomach which resulted in the above hospitalizations and was unable to attend to his medical practice for various periods during this time." The defendant contends that the twenty days began to run not later, in any event, than March 20, 1962. Whether in all the circumstances, including the need for the physician's signature, the grace period had expired was not matter of law. The notice of claim was adequate as the required proof of loss.

*Exceptions overruled.*

*John E. Connelly* for the plaintiff.
*Timothy H. Donohue* for the defendant.